OPINION.
{¶ 1} Plaintiff-Appellant, Leslie Fike, appeals from a summary judgment for Defendant-Appellee, Cincinnati Insurance Co. ("CIC"), on Fike's claim for underinsured motorist (UIM) coverage.
 {¶ 2} Fike was employed as a secretary at a Dayton law firm in 1994. She submitted a letter resigning her employment on December 30, 1994. Fike's letter of resignation stated that her last day of employment would be January 6, 1995.
 {¶ 3} On January 6, 1995, Fike departed the law firm's offices at approximately 2:30 p.m., and drove home. Later, at approximately 6:30 p.m., she was injured in an automobile accident while a passenger in an auto driven by her husband. They were on their way to a restaurant at the time.
 {¶ 4} CIC had issued a policy of business liability insurance to Fike's employer. The policy was in effect when Fike was injured in the auto accident.
 {¶ 5} Fike was paid policy limits from an automobile liability policy insuring the driver of the other vehicle in the accident. She then sought UIM coverage under the policy that CIC had issued to the law firm at which she was formerly employed, relying on Scott-Pontzer v. LibertyMutual Fire Ins.Co. (1999), 85 Ohio St.3d 659.
 {¶ 6} CIC declined Fike's claim for coverage. Fike commenced the declaratory judgment action underlying this appeal, asking the court to find that she is entitled to UIM coverage under the rule ofScott-Pontzer. The trial court granted summary judgment for CIC on its motion. Fike filed a timely notice of appeal.
 FIRST ASSIGNMENT OF ERROR {¶ 7} "Appellant Leslie Fike was insured under the Cincinnati Insurance policies issued to her employer pursuant to the Ohio Supreme Court's decision in Scott-Pontzer v. Liberty Mut. Ins. Co."
 SECOND ASSIGNMENT OF ERROR {¶ 8} "Appellant Leslie Fike was entitled to UM/UIM benefits as an insured under both Cincinnati Insurance Businessowners Umbrella Liability Endorsement and the Cincinnati Insurance Businessowners Liability Policy."
 {¶ 9} The CIC liability policy provides incidental coverage for non-owned and hired automobiles. Therefore, it is subject to the requirements of R.C. 3937.18. Selander v. Erie Ins. Group (1999),85 Ohio St.3d 541. The CIC policy provides no UIM coverage, and it is undisputed that the coverage was not offered. Therefore, UIM coverage is impressed on the policy by operation of law for the benefit of those who are insured for liability under the policy. Id.
 {¶ 10} Fike is not a named insured under the policy that CIC issued to the law firm. She claims that status under the rule ofScott-Pontzer, in which coverage was extended to a named corporate insured's employees on account of an ambiguity in the policy, from which, Fike argues, the CIC policy also suffers.
 {¶ 11} Scott-Pontzer reasoned that UIM coverage must be extended to a corporation's employees in this circumstance because, unlike the corporation, its employees are natural persons who can suffer the bodily injuries to which R.C. 3927.18 and its UIM requirements apply. That rationale assumes an employment nexus between the named insured and a person who claims UIM coverage on a Scott-Pontzer theory.
 {¶ 12} It is undisputed that the automobile accident in which Fike was injured occurred at approximately 6:30 p.m. on the last day she was employed by CIC's named insured. CIC argued that Fike was no longer employed by its insured when she was injured. CIC submitted an affidavit of an attorney at the law firm, who stated that pursuant to the letter Fike submitted her resignation became effective at the close of business on January 6, 1995, that Fike's employment had terminated at 5:00 p.m. on that date, and "[t]herefore, she was no longer an employee of the law firm" thereafter.
 {¶ 13} The affidavit, if believed, demonstrates that Fike lacked the connection to the named insured on which Scott-Pontzer relied in order to confer the benefit of UIM coverage which the CIC policy provides. Fike offered no evidence in response that contradicts that proposition, as she is required to do in order to avoid summary judgment on her claim for relief. Dresher v. Burt (1996), 75 Ohio St.3d 280. Her only contention pertinent to the matter is that her coverage extended until midnight on the date she was injured because CIC's policy, when it became effective, became effective at 12:01 a.m. on the date coverage commenced. We find that is irrelevant to the issue involved.
 {¶ 14} Alternatively, Fike argues that, even if her employment terminated earlier on the date of the accident, she is entitled to UIM coverage for an additional thirty days thereafter. She points to a policy provision which defines "employees" to include persons who are in the service of the named insured "and for thirty days after termination of service." However, that provision appears in and applies to claims for losses arising from employee dishonesty. It is therefore limited to claims of that kind, and does not extend to any UIM coverage resulting from liability coverage provided for an insured in a policy to which R.C. 3937.18 applies.
 {¶ 15} Fike's assignments of error are overruled. The judgment of the trial court will be affirmed.
FAIN, P.J. and YOUNG, J., concur.